## Webb Estate

*Harry I. Hiestand, J. Wesley McWilliams, William F. Fox* and *Walter B. Gibbons*, for petitioners.

*Paul P. Wisler*, for Commonwealth.

HOLLAND, P. J., September 28, 1953.—The adjudication on the first account of the executors was confirmed absolutely July 10, 1951. In it the court awarded the principal of the marital deduction trust to the testamentary trustees as provided in item 4 of the will, to pay the income to testator's wife, Helen O. Webb, for life, with power to consume principal, and at her death, to distribute the principal or so much as would be unconsumed, as she should by will appoint.

The court awarded the principal of the residuary trust to the same trustees as provided in item 6 of the will, to pay the income for life to his wife, and at her death to distribute the principal to the nieces of his wife, Kathryn O. Goldkamp and Elinor O. Smith, in equal shares.

Before either award to the trustees was paid by the executors, there being good reason for the delay, as explained in the petition, Helen O. Webb died January 10, 1953. This petition by the executors requests that the adjudication be amended so that the awards of the principals of the two trusts be awarded directly to the persons entitled thereto at the death of Helen O. Webb, it being obvious that there is no purpose of erecting the two trusts, on account of her death.

As to the residuary trust under item 6 of the will, there can be no doubt. The adjudication in this particular will be amended to the effect that the principal of this trust will be awarded, $100,000, together with such income as that sum has earned since the death of Helen O. Webb, to the Pennsylvania Military College at Chester, Pa., and the balance thereof in equal shares to Kathryn O. Goldkamp and Elinor O. Smith, together with such income the balance has earned since the death of Helen O. Webb.

As to the marital deduction trust under item 4 of the will a question arises from the sequence of certain events set out in the petition. The adjudication was confirmed absolutely July 10, 1951. The awards therein were not paid. A paper writing dated November 18, 1952, was delivered to the executors by Helen O. Webb in which she exercised her power to consume the entire principal and in which she demanded that the entire principal be paid over to her instead of paying it over to the trustees in accordance with the award. This paper writing was received by the corporate trustee November 24, 1952. On November 26, 1952, Helen O. Webb executed her will in which under item 8 thereof

she exercised her power of appointment and appointed the principal of the marital deduction trust to her same two nieces, Kathryn O. Goldkamp and Elinor O. Smith, in equal shares. As above stated, she died January 10, 1953. The adjudication must be amended as to this trust for the same reason as regards the residuary trust under item 6 of testator's will, namely, the death of Helen O. Webb. The question is whether, by the amendment, the principal of this, the marital deduction trust under item 4 of the will, should be awarded to the executors of the will of Helen O. Webb by virtue of the exercise of her power to consume, or whether it should be awarded to Kathryn O. Goldkamp and Elinor O. Smith by virtue of her exercise of her power of appointment contained in item 8 of her will.

The only difference, in effect, would be that, if it goes to her estate, it would be subject to the payment of transfer inheritance tax as a part of her estate at the rate of 15 percent, whereas, if it goes as a result of the exercise of the power of appointment, it will pass as a part of the estate of C. Edwin Webb and be subject to no further tax. The executors of the estate of C. Edwin Webb, deceased, who are also the trustees named in the will, petition the court to make the necessary amendments. Answer was filed by the Pennsylvania Company for Banking and Trusts and B. Charlotte Van Court, executors of the will of Helen O. Webb, deceased, in which they admit all the averments in the petition and, in effect, submit themselves to the decision and orders of the court. The Commonwealth of Pennsylvania, Department of Revenue, filed no answer but appeared at the argument and presented oral argument and a brief. Kathryn O. Goldkamp and Elinor O. Smith filed no answer to the petition but appeared at the argument and presented oral argument and a brief. These latter, since they obtain the principal in the same proportions in either case, argue

that the election of Helen O. Webb, to take, in consumption, the entire principal of the marital deduction trust is ineffective and that it should go under Helen O. Webb's exercise of the power of appointment in her will to them in equal shares rather than to her estate whereby a tax will be collected and, of course, the Department of Revenue argues contra because if it is awarded to Helen O. Webb's estate the Commonwealth will get a 15 percent transfer inheritance tax. The real contestants, therefore, are, obviously, the Department of Revenue on the one hand and Kathryn O. Goldkamp and Elinor O. Smith on the other hand. The court, however, conscious that the decision, whichever way it goes, will be a precedent, does not regard it as a proper approach to consider the case from the tax angle. Conceivably, the next case involving the same principle may present different beneficiaries under the exercise of the power of appointment from those who would take if it passed as a part of the individual estate of the donee of the power of appointment. The court must approach the question, therefore, strictly with reference to the relative effectiveness of the various instruments involved and in consideration of the applicable legal questions, regardless of the effect as to tax liability.

Item 4 of the will of testator sets up the marital deduction trust for his wife, Helen O. Webb. Its terms are clear. The income is to be paid to her for life, with power to consume, giving her a general power of appointment. She exercised the power of appointment by item 8 of her will by giving the principal, or so much as would be unconsumed, to her nieces, Kathryn O. Goldkamp and Elinor O. Smith, in equal shares. She permitted the adjudication on the executors' account to become final, awarding the principal of this marital deduction trust to the testamentary trustees thereof, but before the executors paid the award she

changed her mind and exercised her power to consume by directing the executors to pay her the whole principal by way of consumption of the whole.

The document evidencing her demand for consumption was dated November 18, 1952. Her will was dated November 26, 1952, but this is of no significance as it could not become effective until her death January 10, 1953, which latter is the significant date. If the document of November 18, 1952, was effective to vest the whole principal of the trust in her then it became her property and should, on review of the adjudication, be awarded to her executors, become a part of her individual estate and be subject to all the incidents thereof. If, on the other hand, it did not so vest then, on said review, it passes as a part of the estate of C. Edwin Webb, deceased, to the appointees under the exercise of the power of appointment by item 8 of her will.

The arguments and briefs are directed entirely to the question as to whether Helen O. Webb could, under her power of consumption, elect to consume the principal of the trust in one lump sum, or whether she could only consume parts of it "from time to time". The Commonwealth supported the former argument and Kathryn O. Goldkamp and Elinor O. Smith the latter. The language is:

"I hereby authorize and empower my wife to consume all or any portion of the principal of said trust and direct my trustees to pay her from principal such sums from time to time as she, in her uncontrolled discretion may demand."

It will be noted that her power to consume is of *all* the principal as well as any portion of it, and she has the power to demand it "in her uncontrolled discretion". Kathryn O. Goldkamp and Elinor O. Smith, in their arguments, stress the words "from time to time" toward the conclusion that there must be more than one demand and payment at more than one time. I do

not regard this argument as valid. Since she has "un-controlled" discretion and can consume the "whole", I cannot see any objection that the first "time" of demand should be the one and only "time". The important criterion is as to whether she is capable of consuming it when she gets it, for the sole purpose of giving it to her is that she shall consume it herself and for her own personal benefit. To consume means to use up, spend or even dissipate money or property.

Where the power to consume is in the "uncontrolled discretion" of the donee of the power, she can consume it with any degree of rapidity and as extravagantly as she sees fit, but she must consume it. She cannot secure the possession under the guise of exercising her power and hoard it up for the purpose of diverting it to some purpose other than for her own needs or indulgences. In a word, the whole scheme of consumption is directed toward benefiting the donee of the power personally.

If this reasoning is sound, it is apparent she must actually get it into her possession before she can consume it, and she would have to get it into her actual possession while she lived, because a dead woman is incapable of consuming anything. She not having gotten it into her actual possession before she died, it devolves as unconsumed in accordance with her appointment under item 8 of her will.

And now, September 28, 1953, the adjudication on the first account of the executors is amended to the effect that out of the principal of the residuary trust under item 6 of the testator's will, there is awarded $100,000, together with such income that sum has earned since the death of Helen O. Webb, to the Pennsylvania Military College at Chester, Pa., for the purpose of its general endowment, and the balance of the principal, together with such income it has earned since the death of Helen O. Webb, is awarded in equal shares to Kathryn O. Goldkamp and Elinor O. Smith.

The income earned on the entire principal of the trust to the death of Helen O. Webb is awarded to her executors.

The adjudication is further amended to the effect that the principal of the marital deduction trust under item 4 of testator's will, together with such income it has earned since the death of Helen O. Webb, is awarded in equal shares to Kathryn O. Goldkamp and Elinor O. Smith. The income earned on the principal to the death of Helen O. Webb is awarded to her executors.

There is awarded out of the principal of either or both trusts to counsel for accountants, who are petitioners, a fee of $1,200 for their services in connection with this proceeding.

Counsel for the accountants and petitioners are directed to prepare and file in duplicate a schedule of distribution in accordance with this opinion and amendment to the adjudication.